UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| S.R.P. (xxx-xxx-8720) | CIVIL ACTION NO. 5:20-CV-01523 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE MARK L. HORNSBY |

## RULING

Plaintiff seeks judicial review of the Commissioner of Social Security's ("the Commissioner") finding that she is not disabled and therefore not entitled to supplemental social security income payments. On January 26, 2022, the Magistrate Judge filed a Report and Recommendation (the "Report") [Doc. No. 14] to which Plaintiff filed objections [Doc. No. 15]. For the following reasons, the Court DECLINES TO ADOPT the Magistrate Judge's Recommendation.

Plaintiff was born in 1977. She has a high school education and work experience as a fast food manager, bank teller, and auction clerk. She stopped working in 2015 due to pain in her arm and shoulder, weakness, and loss of balance.

Plaintiff applied for disability insurance benefits and supplemental security income benefits on October 18, 2018. She was denied at the initial claim level and she requested Reconsideration, which was also denied. She then requested review before an Administrative Law Judge ("ALJ"). After hearing on May 7, 2020, an Unfavorable Decision resulted on July 15, 2020. The Appeals Council declined to review the Unfavorable Decision on November 6, 2020. On December 1, 2020, Plaintiff filed the instant suit for review of the Commissioner's decision {Doc. No. 1].

Judicial review of social-security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence. *Avery v. Colvin*, 605 F.App'x 278, 281 (5th Cir. 2015)(citing *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).

The ALJ uses a five-step process for evaluating disability under the Social Security Act: (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any work. *Avery*, 605 F.App'x at 282 (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

Plaintiff's principal argument on appeal is that the ALJ did not include multiple sclerosis ("MS") in the list of her severe impairments at step two of the five-step analysis. The Commissioner concedes that MS should have been included on the list of severe impairments but argues that the mistake was harmless because the ALJ's other findings accounted for all of Plaintiff's limitations, including those caused by MS.

The Magistrate Judge found that, although the ALJ may have omitted MS from the list of impairments at step two, the error was harmless because the ALJ specifically and substantively incorporated into Plaintiff's Residual Function Capacity ("RFC") those limitation that the ALJ found were caused by MS and her other health problems. The Magistrate Judge concluded that the ALJ would not have reached a different finding even if the ALJ had included MS as a step-two

severe impairment.

Plaintiff objects that she was prejudiced by the omission of her severe impairment of MS and that the omission of this severe impairment was not harmless. She asserts that the Report is flawed because it skipped two of the components within the required five-step process. The Report jumped from Step 2, "what are Plaintiff's severe impairments?" to finding the omission was repaired in the formulation of her RCF.

Plaintiff states that missing are two factors. One is determining whether she has a medically determinable impairment ("MDI"). The Commissioner and the Report concede that MS should have been included on the list of severe impairments. The other is evaluating the intensity and persistence of symptoms after finding the MDIs that could reasonably be expected to produce those symptoms. Plaintiff asserts that, as to MS, this was not done.

The Court agrees. In considering the intensity, persistence, and limiting effects of individual symptoms, the entire case record, including the objective medical evidence, must be examined. That includes laboratory findings. The analysis omitted by the ALJ and the Report is the required evaluation of Plaintiff's statements about the intensity, persistence, and limiting effects of her MS symptoms compared to the objective medical evidence, including laboratory findings.

If the MDI's exclude MS, then symptoms arising from MS are not consistent with the medical record. This is a flaw that has harmed Plaintiff. The Decision failed to adequately evaluate the symptoms arising from the missing MDI, MS.

Plaintiff's RFC should be based on all of the relevant medical evidence, including laboratory findings, and her symptoms should be evaluated in light of that medical evidence.

After considering the record as a whole, the Court is unable to determine whether substantial evidence supports the ALJ's denial of benefits. The ALJ's finding may still be correct and supported by substantial evidence, but the failure of the ALJ to include MS on the list of severe impairments casts doubt upon the ALJ's finding. Further, the Court cannot say the ALJ's other findings accounted for all of Plaintiff's limitations, including those caused by MS.

For these reasons, the Court DECLINES TO ADOPT the Report and Recommendation of the Magistrate Judge, REVERSES the decision of the Commissioner, and REMANDS this case for further proceedings, with instructions to fully and fairly consider the diagnosis of MS, to evaluate the intensity and persistence of her symptoms beginning with the diagnosis, and to assess her residual functional capacity based on all of the relevant medical evidence and other evidence.

MONROE, LOUISIANA, this 7th day of February 2022.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE